PETTIGREW, J.
|2The plaintiff, Midtown Medical, LLC (Midtown), an outpatient abortion facility, appeals a trial court judgment that affirmed an administrative law decision finding that the defendant, Department of Health and Hospitals (DHH), lawfully imposed two separate $600.00 fines against Midtown, and that the bases for imposing those fines (alleged violations of the applicable Louisiana Administrative Code regulation) were proper. Because we find that DHH was without authority to levy fines against Midtown, we reverse the judgment of the trial court, reverse the findings and *851 order of the administrative law judge (ALJ), and vacate, the unauthorized imposition of fines against Midtown.
BACKGROUND FACTS AND PROCEDURAL HISTORY
On January 13, 2011, DHH sent a letter to Midtown informing it that as a result of a health survey conducted at Midtown’s facility on April 22, 2010, it was being assessed two civil fines in the amount of $600.00 each (a total fine of $1,200.00) based on DHH’s determination that the facility was out of compliance with “federal and/or state rules for abortion clinics.” Specifically, the letter noted the facility had “deficient practices” in violation of Louisiana Administrative Code (LAC) tit. 48, pt. I § 4405 — Governing Body and LAC tit. 48, pt. I, § 4423 — Anesthesia Services, and that those deficiencies constituted Class “C” violations pursuant to a final rule published by this Department in July of 2000, in that the facility’s action or inaction in those areas “created a potential for harm by directly threatening the health, safety, rights or welfare” of its residents.[1] The letter also informed Midtown of its right to request informal administrative reconsideration and/or an administrative appeal.
Midtown exercised its right to challenge the alleged deficiencies through the informal dispute resolution process, which was held on June 29, 2010. Notwithstanding the challenge and evidence presented, DHH affirmed the deficiencies.
|sOn February 10, 2011, Midtown requested an administrative appeal. In that appeal, it filed a motion for summary judgment on July 8, 2011, asserting that DHH did not have the authority to impose the fines, and on July 25, 2011, it filed a second motion for summary judgment, challenging the fines as being arbitrary, capricious, and an abuse of discretion.
A hearing on both motions was held before an ALJ on September 19, 2011, following which a decision and order was rendered on December 29, 2011, affirming DHH’s decision to impose the fines. In accordance with La. R.S. 49:964(B), Midtown timely filed a Petition for Judicial Review of the ALJ’s decision and order.
Midtown again asserted that DHH was without authority to impose the fines, and that its decision to do so was arbitrary, capricious, and an abuse of discretion. The matter was heard by the trial court on June 12, 2012, following which the trial court signed a judgment on July 22, 2012, affirming the administrative law decision and order. This appeal by Midtown followed.
APPLICABLE LAW
An outpatient abortion facility is among the public health care facilities governed and licensed by DHH pursuant to La. R.S. 40:2199(A)(1), which provides:
For purposes of this Part, “facility” shall mean any one or more of the following: an adult day health care facility, substance abuse/addiction treatment facility, ambulatory surgery center, case management facility, urine drug screening facility, mobile cholesterol screening facility, end stage renal disease facility, supplier of portable X-ray services, home health agency, hospice, hospital, ICF/DD facility, outpatient abortion facility, or any other health care provider licensed or certified by the Department *852 of Health and Hospitals. (Emphasis added.)
The statute further provides, in pertinent part, as follows (with emphasis added to those portions relevant to the issue presented herein):
(2) The opening or operation of a facility without a license or registration therefor shall be a misdemeanor, punishable upon conviction by a fine of not less than one thousand dollars nor more than five thousand dollars. Each day’s violation shall constitute a separate offense.
U(3) It shall be a violation to operate a facility which holds a current license, registration, or certificate if one of the following apply:
(a) As a result of a licensure or certification survey, it is determined by an agency to be in violation of one or more conditions of licensure or certification and has failed to correct such conditions of violation within the time prescribed by law or by the agency.
[[Image here]]
(4) Any violation provided for in Paragraph (3) of this Subsection shall entitle both the facility and the complainant to an administrative appeal.
[[Image here]]
B. (1) Any person or entity violating the provisions of Paragraph A(3) of this Section w hen such a violation poses a threat to the health> safety, rights, or welfare of a resident or client may be liable for civil fines in addition to any criminal action which may be brought under other applicable laws. The department shall adopt rules in accordance with the Administrative Procedure Act which define specific classifications of violations, articulate factors in assessing civil fines including mitigating circumstances such as an effective corporate compliance program, and explain the treatment of continuing and repeat deficiencies.
(2) A schedule of civil fines by class of violations shall be as follows:
* * *
(c) Class C Violations that create a condition or occurrence relating to the operation and maintenance of a facility which create a potential for harm by directly threatening the health, safety, rights, or welfare of a resident or client Civil fines shall not exceed one thousand dollars for the first violation and shall not exceed two thousand dollars per day for repeat violations.
In accordance with the mandate of 40:2199(B) to adopt rules, fn July, 2000, DHH adopted LAC, title 50, pt. I, § 5501, the regulation upon which it admittedly relied upon when imposing the fines on Midtown. That regulation provides, as follows:
A. Any health care facility listed in Subsection B below found to be in violation of any state or federal statute, regulation, or any Department of Health and Hospitals (Department) rule adopted pursuant to the Administrative Procedure Act governing administration and operation of the facility may be sanctioned as provided in this Chapter.
hB. For purposes of this Chapter, facility refers to any agency licensed by Department of Health and Hospitals as an adult day health care center, substance abuse/addiction treatment facility, ambulatory surgical center, case management agency, urine drug screening clinic, suppliers of portable x-ray services, home health agency, hospice, hospital or intermediate care facility for the mentally retarded.
(Emphasis by holding added.)
STANDARD OF REVIEW
We note that even though the standard of review set forth in LSA-R.S. 49:964(G) *853 applies to district courts when they sit in an appellate mode and review an administrative agency’s final decision or order in an adjudication proceeding, judicial review of final decisions of the Commission does not lie in any district court but is constitutionally vested in the First Circuit Court of Appeal, pursuant to LSA-Const. Art. X, § 12. Thus, the standard of review contained in LSA-R.S. 49:964(G) does not apply to review of decisions of the Commission, because judicial review is performed by the First Circuit Court of Appeal, not by a district court. Metoyer v. Department of Health and Hospitals, Office of Public Health, 2008-0515, p. 3 (La.App. 1 Cir. 10/14/08), 2008 WL 4567281 (unpublished opinion).
The appropriate standard of review of an action by the Civil Service Commission is to determine whether the conclusion reached by the Commission was arbitrary and capricious. A conclusion of a public body is “capricious” when the conclusion has no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. The word “arbitrary” implies a disregard of evidence or of the proper weight thereof. Id. at p. 4.
ANALYSIS
The clear language of La. R.S. 40:2199 reveals that the statute is not self-effectuating; rather, pursuant to subsection (B), DHH is required by the statute to promulgate rules that define the circumstances under which a particular facility may be assessed a civil fine. Moreover, the assessment of fines, according to the clear language in subsection (B) of the statute is permissive, i.e., -within the discretion of the department.
|fiNotably, an outpatient abortion facility is absent from the facilities listed in § 5501 as facilities that DHH can sanction.[2] Moreover, it is clear that an outpatient abortion facility does not fall within the scope of hospital or any other facility listed in the statute. An outpatient abortion facility was defined by the Legislature in La. R.S. 40:2175.3(5) as an “outpatient facility, other than a hospital as defined in R.S. 40:2102 or an ambulatory surgical center as defined in R.S. 40:2133, in which any second trimester or five or more first trimester abortions per month are performed.” (Emphasis added.)
The transcript of the hearing before the ALJ reveals that counsel for DHH candidly admitted that the exclusion of outpatient abortion facilities from the LAC provision authorizing it to assess fines was not intentional; rather, DHH simply did not have the resources to expend on revising the rule, and that is why it has not, to date, been done.
Notwithstanding the intent of DHH, the statutory language is clear. When a law is clear and free from ambiguity, and its application does not lead to absurd consequences, it must be given effect as written. See Benjamin v. Zeichner, 2012-1763, p. 6 (La.4/5/13), 113 So.3d 197, 202, unit denied, 2013-1187 (La.8/30/13), 120 So.3d 270; McLane Southern, Inc. v. Bridges, 2010-1259, p. 4 (La.App. 1 Cir. 3/21/13), 110 So.3d 1262, 1265. Because LAC, title 50, pt I, § 5501, pursuant to which DHH may assess civil fines, excludes outpatient abortion facilities, DHH lacked the authority to impose the fines at issue.
*854 CONCLUSION
Accordingly, we reverse the judgment of the trial court that erroneously affirmed the decision and order of the administrative law judge. The fines imposed against Midtown Medical, LLC are hereby vacated. Costs of this appeal in the amount of $2,637.50 are assessed to Department of Health & Hospitals.
REVERSED.

. DHH provided further details of the alleged violations to Midtown in the April 22, 2010 survey statement; however, because we ultimately conclude that DHH was without authority to levy a fine against Midtown, those details are not pertinent to this appeal.

. We note that as of August 20, 2013, DHH filed a notice of intent, LA REG TEXT 335103, whereby it proposes to amend its regulations by repealing LAC 50:I.Chapter 55 in its entirety, and adopt LAC 48:I.Chapter 46, which specifically lists "abortion facilities” among the facilities it can regulate.